IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MOLIERE DIMANCHE JR.,

    Plaintiff,

v.                                                    CASE NO. 4:12-cv-267-SPM-GRJ

P.K. JOHNSON, et al.,

    Defendants
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 7, Plaintiff's *pro se* amended complaint filed pursuant to 42 U.S.C § 1983 ("complaint"), for screening pursuant to 28 U.S.C § 1915A, which provides that the Court may dismiss a case filed by a prisoner seeking redress from a governmental entity or officer at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Plaintiff has been granted leave to proceed as a pauper. (Doc. 6.) For the reasons discussed below, it is **RECOMMENDED** that Plaintiff's claims against Defendants Bearden, Hicks, West, Parker, Andrews, Solano, and Bowden be **DISMISSED** for failure to state a claim upon which relief may be granted. The only remaining claims are against Defendant Johnson, Poynter, Young, Seago, and Kelley, and service will be directed on these defendants in a separate order.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff's claims are alleged to have occurred while he was at Madison C.I.

Plaintiff contends that Defendant Poynter improperly intercepted his mail and wrote a disciplinary report against Plaintiff for admitting in a letter to battering the other inmate during a November 14, 2011 incident at Liberty C.I. The report was allegedly part of a conspiracy by Poynter and other defendants to retaliate against Plaintiff for filing grievances. Plaintiff was convicted after a disciplinary hearing (conducted by Defendants Johnson and Seago, who Plaintiff alleges denied him due process and conspired with Poynter) and sentenced to 60 days in confinement. Plaintiff contends that he should have received credit for the time he spent in confinement at Liberty C.I. and that while in confinement at Madison C.I., his grievances were ignored, he was forced to stay in a cell with an overflowing toilet, and that he was threatened with retaliation for filing grievances. (Doc. 7.)

## II. STANDARD OF REVIEW

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory

allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

### III. DISCUSSION

Plaintiff's claims against Defendants Bearden, West, Parker, Solano, and Bowden all stem from their denials of his grievances. "[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009). As to Defendants Hicks and Andrews Plaintiff only claims that they were negligent by not taking proactive measures to remedy Plaintiff's various allegations of unfairness. Plaintiff makes no factual allegations suggesting that these Defendants had any personal connection to the alleged violation of Plaintiff's civil rights sufficient to trigger liability under §1983. Accordingly, these claims are due to be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

### IV. RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that the claims against Defendants J. Bearden, Hicks, West, Parker, Andrews, Solano, and Bowden should be dismissed pursuant to 28 U.S.C § 1915A for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 5th day of December 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Case No: 4:12-cv-267-SPM-GRJ*

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.