IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MOLIERE DIMANCHE, JR,

      Plaintiff,

vs.                              Case No: 4:12-cv-267-LC-GRJ

P.K. JOHNSON, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections ("FDOC"), initiated this case by filing a *pro se* complaint on the Court's civil rights complaint form for prisoners in actions under 28 U.S.C. § 1983. (Doc. 1.) He subsequently amended his complaint (Doc. 7), and the case was served. (Doc. 10.) Defendants have filed a motion to dismiss (Doc. 39) and Plaintiff has responded (Doc. 42.) For the reasons discussed below, it is recommended that Plaintiff's case be dismissed for abuse of the judicial process, failure to exhaust administrative remedies, and failure to state a claim.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's claims are alleged to have occurred while he was at Madison C.I. Plaintiff contends that Defendant Poynter improperly intercepted his mail and wrote a disciplinary report against Plaintiff for admitting in a letter to battering the other inmate during a November 14, 2011 incident at Liberty C.I. The report was allegedly part of a conspiracy by Poynter and other defendants to retaliate against Plaintiff for filing grievances. Plaintiff was convicted after a disciplinary hearing (conducted by

Defendants Johnson and Seago, who Plaintiff alleges denied him due process and

conspired with Poynter) and sentenced to 60 days in confinement.[1]  Plaintiff contends

that he should have received credit for the time he spent in confinement at Liberty C.I.

and that while in confinement at Madison C.I., his grievances were ignored, he was

forced to stay in a cell with an overflowing toilet, and that he was threatened with

retaliation for filing grievances.  For relief, Plaintiff seeks monetary damages and

handwritten apologies from the Defendants.  (Doc. 7.)

## II.  STANDARD OF REVIEW

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an

act or omission committed by a person acting under color of state law deprived him of a

right, privilege, or immunity secured by the Constitution or laws of the United States.

*Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot

satisfy these requirements, or fails to provide factual allegations in support of the

claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a

right to relief above the speculative level," and complaint "must contain something more

. . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-84 (2009) (*Twombly*

"expounded the pleading standard for all civil actions," and conclusory allegations that

"amount to nothing more than a formulaic recitation of the elements of a constitutional .

. . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint

---

[1]Although Plaintiff omits it from his Amended Complaint, he also lost 20 days of gain time as a result of the disciplinary conviction.  (Doc. 39, Exh. B.)

must allege facts sufficient to move claims "across the line from conceivable to plausible.").

## III. DISCUSSION

## A. Abuse of Judicial Process

Plaintiff executed the original civil rights complaint form under penalty of perjury. (Doc. 1 at 40.) The Court's screening of the complaint discloses Plaintiff failed to list a case he previously filed in federal court. Specifically, section IV of the Court's civil rights complaint form required Plaintiff to disclose information regarding previous lawsuits. (*Id*. at 4-6.) In section IV D of the complaint form, Plaintiff was required to disclose whether he had ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service. Plaintiff checked "Yes" and provided details for one prior case, a civil rights case dismissed as frivolous in the Middle District of Florida (*Dimanche v. Latimore,* Case No. 6:10-cv-1934-JA-DAB, (M.D. Fla. Jan. 10, 2011)).

Despite clear instructions in the civil rights complaint form, Plaintiff failed to list a civil rights case he previously filed in the Middle District of Florida that was dismissed for failure to state a claim (*Dimanche v. Lake County Sheriff's Office,* Case No. 5:10-cv-377-WTH-TBS, (M.D. Fla. Apr. 30, 2012)). Plaintiff clearly did not heed the instructions on the Court's civil rights complaint form, despite signing the form under the penalty of perjury. Plaintiff failed to comply with section IV by completely omitting from his Complaint a previous case he filed in federal court which was dismissed for failure to

state a claim.[2]

The Court issued an Order to Show Cause directing Plaintiff to explain why he failed to disclose *Dimanche v. Lake County Sheriff's Office,* Case No. 5:10-cv-377-WTH-TBS, in his original complaint. (Doc. 4.) In his response, Plaintiff stated that he used a "pre-drafted" complaint. Plaintiff also argued that he thought it was okay not to disclose it since the Court did not penalize him for failing to disclose it in *Dimanche v. Brown,* Case No. 4:11-cv-533-SPM-CAS (Docs. 1, 8.) (Doc. 5.)

In their motion to dismiss (Doc. 39), Defendants argue, *inter alia*, that Plaintiff's suit should be dismissed because he failed to disclose prior litigation in his amended complaint (Doc. 7). Defendants point out that after filing his original complaint on May 31, 2012, but prior to filing his amended complaint on October 19, 2012, Plaintiff filed an appeal in the Eleventh Circuit, Case No. 12-13694, and failed to disclose this on his amended complaint. *Dimanche v. Brown*, Case No. 12-13694, was docketed in the Eleventh Circuit on July 13, 2012, and to date is still pending. Defendants argue that this provides a basis to dismiss Plaintiff's claims for abuse of the judicial process. In his response in opposition to the motion to dismiss (Doc. 42), Plaintiff does not address or explain why he did not disclose this case in his amended complaint.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the

---

[2] Plaintiff also failed to disclose this suit in another civil rights case in this District. *Dimanche v. Brown,* Case No. 4:11-cv-533-SPM-CAS (Docs. 1, 8.) Plaintiff's appeal in *Dimanche v. Lake County Sheriff's Office* was dismissed by the Eleventh Circuit as frivolous. Case No. 12-12759-D (11th Cir. Jan. 30, 2013).

judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[3]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3,

---

[3] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

Here, Plaintiff completely failed to disclose in Section IV of his original complaint (Doc. 1) a previous lawsuit he filed in federal court that was dismissed for failure to state a claim. His explanation of using a "pre-drafted" complaint form is unavailing. (Doc. 5.) In addition, despite the Court's previous admonition to Plaintiff regarding his failure to disclose litigation in his original complaint, he once again failed to disclose a case in his amended complaint (Doc. 7). Plaintiff has failed to truthfully disclose his prior cases as required by the plain language instructions of the form and has failed to come forward with any persuasive reason to excuse for his lack of candor. Therefore, his case is due to be dismissed for abuse of the judicial process.

**B.  Failure to Exhaust**

Even if Plaintiff had fully disclosed his prior litigation history in his complaint (Doc. 1) and amended complaint (Doc. 7), his suit is still due to be dismissed for failure to exhaust his administrative remedies as to Defendants Kelley, Johnson, and Seago (and for the reasons discussed below, for failure to state a claim against Defendants

Young and Poynter).

The Prison Litigation Reform Act, 42, U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing an action challenging prison conditions. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 211 (2002). Further, the PLRA's exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005). "'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002)).

The Florida Administrative Code provides an administrative remedy process for inmates of facilities within the Florida Department of Corrections. With certain exceptions, inmates initiate the process by submitting an informal grievance. If the inmate is dissatisfied with the response to the informal grievance, he can submit a formal grievance at the institutional level within 15 days of the response to the informal grievance. If the inmate is dissatisfied with the response to the formal grievance, he can file an appeal with the Office of the Secretary within 15 days of the response to the formal grievance.[4]

---

[4] *See* Fla. Admin. Code § 33-103.005-008, § 33-103.011(c).

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and, thus, is treated like a defense of lack of jurisdiction. *Bryant v. Rich,* 530 F.3d 1368, 1374, 1376 (11th Cir. 2008)*.* Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008). The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082. If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

In this case, Defendants' motion and attached documents set forth uncontroverted facts showing that Plaintiff failed to exhaust his administrative remedies as to his claims against Defendants Kelley (whom Plaintiff alleges mishandled one of his grievances) and Defendants Johnson and Seago (whom Plaintiff alleges denied him due process at a disciplinary hearing). In Plaintiff's response to the motion to dismiss, he contents that Grievance Logs 12-6-11476, 12-6-14544, 12-6-09793, 12-6-11342, and 12-6-09952 demonstrate exhaustion of his administrative remedies, but a review of these logs (and all of the grievances Plaintiff filed during the relevant time period) do not support this conclusion. It is thus clear that the claims against Defendants Kelley, Johnson, and Seago are due to be dismissed for failure to exhaust administrative remedies. *See Turner*, 541 F.3d 1082.

## C.  Failure to State a Claim

Plaintiff has failed to state a claim against either Defendant Poynter or Defendant Young.  He fails to state a claim upon which relief can be granted as to his allegations that Defendant Poynter issued a retaliatory disciplinary report and that Defendant Young mishandled a grievance by using white-out to redact something.  Furthermore, Plaintiff has failed to state a claim for a civil rights conspiracy.

Plaintiff alleges that Defendant Poynter issued a disciplinary report in retaliation for filing grievances against her.  (Doc. 7.)  The March 8, 2012, disciplinary report (Doc. 39, Exh. B) resulted in a disciplinary conviction for Plaintiff, 60 days in disciplinary confinement, and the loss of 20 days of gain time.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87 (footnote omitted).

The Supreme Court has applied *Heck* to prisoners' claims challenging prison disciplinary actions, even when the prisoner does not explicitly seek reinstatement of lost good-time credits. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (holding that

*Heck* bars a prisoner's complaint that "would, if established, imply the invalidity of the deprivation of his good-time credits"). *Heck* is not categorically applicable to all suits challenging prison disciplinary actions. *Muhammad v. Close*, 540 U.S. 749, 754 (2004). But if good-time credits have been eliminated, a prisoner's § 1983 suit challenging a disciplinary action may be construed as seeking a judgment at odds with his conviction or with the state's calculation of time that he must serve for the underlying sentence. *See id.* at 754–55 (stating that where the magistrate judge expressly found or assumed that no good-time credits were eliminated by the challenged prison action, the prisoner's § 1983 suit could not be construed as seeking a judgment at odds with his conviction or sentence).

In this case, Plaintiff's claim against Defendant Poynter clearly strays into *Heck* waters, because Plaintiff's contention that the disciplinary report was false necessarily implies the invalidity of the disciplinary conviction. Absent expungement or invalidation of that disciplinary action, Plaintiff's claim is barred by *Heck.* In addition, federal courts do not operate as appellate courts for prison disciplinary actions. As the Eleventh Circuit has explained, "a prisoner cannot maintain a retaliation claim when he is convicted of the actual behavioral violation underlying the alleged retaliatory false disciplinary report and there is evidence to sustain the conviction." *O'Bryant v. Finch* 637 F.3d 1207, 1215 (11th Cir. 2011); *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (noting inmate alleged officer was lying but concluding that the finding of an actual violation of prison rules was based on some evidence of the violation and "essentially checkmates [the prisoner's] retaliation claim").

Plaintiff has also failed to state a claim against Defendant Young for allegedly

whiting out a portion of a grievance filed by Plaintiff and maliciously denying Plaintiff's grievances.  (Doc. 7, p. 11.)  Plaintiff's allegations are wholly conclusory and he offers no details as to what was redacted from the grievance or how it affected the income. Plaintiff's real issue appears to be with Defendant Young's denial of his grievances. "[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).  Other than his vague and conclusory allegations of a conspiracy, Plaintiff makes no factual allegations suggesting that Defendant Young had any personal connection to the alleged violation of Plaintiff's civil rights sufficient to trigger liability under §1983.

Finally, to the extent Plaintiff seeks to assert a conspiracy claim, his  allegations are wholly vague and conclusory. *See Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simple aver in the complaint that a conspiracy existed...").

## D.  Defendants are immune from suit in their official capacities

Plaintiff has sued Defendants in their official and individual capacities.  (Doc. 7.) An official capacity claim is, in all respects other than name, to be treated as a claim against the entity of which the defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  To prevail under § 1983 against that entity, a plaintiff must show that the entity itself was the "moving force" behind his constitutional deprivation; and the only way to do that is to identify a "policy or custom [of the entity that] played a part in the violation of federal law."  *Id*.  In the instant case, Plaintiff has not identified a policy

or custom of the DOC that played a part in Defendants' alleged violations. Moreover, the Eleventh Amendment bars his claims for monetary damages against Defendants in their official capacities. Defendants are entitled to dismissal to the extent they are sued in their official capacities.

## E. Plaintiff is not entitled to compensatory or punitive damages

Plaintiff seeks compensatory and punitive damages against Defendants. However, Plaintiff does not allege that he suffered any physical injury. The PLRA provides that a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e); *Al-Amin v. Smith,* 637 F.3d 1192, 1198 (11th Cir. 2011) ("according to the law of our Circuit, the PLRA precludes the recovery of punitive damages in the absence of physical injury"). Plaintiff has alleged no physical injury in connection with his claims, and he is therefore barred by the PLRA from seeking compensatory and punitive damages. *See id.*

## F. Plaintiff's state law claim

To the extent Plaintiff alleges a state law claim of intentional infliction of emotional distress, the Court should decline to exercise supplemental jurisdiction where the federal claims have been dismissed. The decision to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over pendent state law claims rests within the discretion of the district court. *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999). Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over state law claims where the district court has dismissed all claims over which it has original jurisdiction. Where, as here, the federal claims are

dismissed prior to trial – and only the state claims remain –  the Eleventh Circuit has "encouraged" district courts to dismiss the remaining state claims, rather than exercising the Court's supplemental jurisdiction to resolve only the state claims. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11ᵗʰ Cir. 2004). Accordingly, with regard to Plaintiff's state law claim, it is not appropriate for resolution in federal court and, therefore, the Court should exercise its discretion under § 1367(c)(3) and decline to exercise supplemental jurisdiction.

## IV.  RECOMMENDATION

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for abuse of the judicial process; failure to exhaust administrative remedies; and failure to state a claim upon which relief may be granted.  Such dismissal will operate as a "strike" pursuant to  28 U.S.C § 1915(g).[5]

**IN CHAMBERS**  this 27ᵗʰ day of November 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

---

[5] Since initiating this lawsuit, Plaintiff has obtained "three-striker" status.  *Dimanche v. Anderson*, 4:13-cv-351-MW-CAS (denying application to proceed *in forma pauperis* and dismissing case on September 10, 2013 pursuant to 28 U.S.C. § 1915(g) because Plaintiff had three strikes).  Plaintiff is advised that any future suits filed in federal court must be accompanied by the full fling fee, unless he can demonstrate that he is in imminent danger of serious physical injury.